W. J. JENNISON and Others v. D. L. THOMPSON.[1]

May 24, 1897.

Nos. 10,512—(149).

**Sale—When Title Passes—Question for Jury.**

> There was an agreement to purchase a certain quantity of wheat out of a greater quantity, all of the same uniform kind and quality. The price was paid, but the quantity sold was not segregated. *Held,* it was a question of fact for the jury whether or not it was the intention of the parties that title should pass before delivery, and it was error to hold as a question of law that title had passed.

Appeal by plaintiffs from an order of the district court for Dakota county, Crosby, J., denying a new trial after dismissing the action. Reversed.

*Brown & Buffington,* for appellants.
*Hodgson & Schaller* and *W. H. DeKay,* for respondent.

CANTY, J. The complaint alleges that defendant sold and agreed to deliver to plaintiffs 500 bushels of wheat, and that they paid him the full purchase price therefor; that he has delivered 81 2-5 bushels, and refuses to deliver the balance, though the same was demanded of him, and prays judgment for damages for such refusal to deliver. The answer admits that the wheat has been bought and paid for, and

[1] Reported in 71 N. W. 380.

alleges that all of the same has been delivered. On the trial the court dismissed the action when plaintiffs rested, and they appeal from an order denying a new trial. It appears from the evidence that defendant owned and operated a grain elevator, and plaintiffs owned and operated a flour mill; that all the wheat in the elevator and in that portion of the country was of the same grade that year, the grade that plaintiffs bargained for. Plaintiff Wilson testified:

"Q. When you bought this wheat, was there anything said about whether the five hundred bushels of wheat was in the elevator or not? A. Mr. Sinott [defendant's agent] said the wheat was in the elevator, but he was then without money, and he said he had less than thirty dollars on hand."

He also said that he was going to ship the wheat out, because he wanted money. It may be inferred from the evidence that defendant would not hold the wheat, but would ship it out, unless plaintiffs purchased and paid the cash for it at the time. This was June 28th or 29th. The cash was then paid. The next day plaintiffs sent their teams for one load, amounting to about 81 bushels. The next day the elevator was burned. The evidence relating to the purchase, and the circumstances surrounding it, is very meager. The witness further testified:

"Q. Was there anything said, when you bought the wheat, about the time when it should be delivered? A. I told Mr. Sinott that I did not know if I could haul it at once, and he said that it would be immaterial to him when I got it out, if before the first of August,—before the new crop came in."

It appears from the evidence that plaintiffs never saw any of the wheat in the elevator except what was taken away by them as aforesaid. The answer alleges that there was a large quantity of wheat in the elevator, belonging to defendant and other parties, when it was burned. It does not appear that at the time of the bargain there were exactly 500 bushels of wheat belonging to defendant in the elevator; and it cannot, as a question of law, be held that plaintiffs understood that there were, and contracted with reference to that exact amount being there. In our opinion, it was, on the evidence, a question for the jury to determine whether or not the parties intended that the title to 500 bushels of the wheat should pass to plaintiffs at

the time the bargain was made, and the court erred in dismissing the action.

Respondent relies on Nash v. Brewster, 39 Minn. 530, 41 N. W. 105, and Mackellar v. Pillsbury, 48 Minn. 396, 51 N. W. 222. In those two cases, as in this, the mass from which a quantity less than . the whole was sold was all of the same uniform kind and quality, but in each case it was held to be a question of fact for the jury whether or not it was the intention of the parties that title should pass before segregation of the quantity sold. The fact that the purchase price was all paid at the time is a circumstance for the jury to consider, but is not, as a question of law, conclusive that the parties intended that the title should pass at the time of such payment.

The order appealed from is reversed, and a new trial granted.